## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| STANFORD BYRON TUCKER, #194427, | ) ) ) |
| Petitioner, | ) CIVIL ACTION NO. 9:09-151-HMH-BM ) ) |
| v. | ) ) ) **REPORT AND RECOMMENDATION** |
| ROBERT STEVENSON, Warden Broad River Correctional Institution, | ) ) ) ) |
| Respondent. | ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on January 16, 2009.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on March 31, 2009. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on April 2, 2009, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a memorandum in opposition to the motion for summary judgment on April 27, 2009. This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988) [Petition received in prison mail room on January 16, 2009].

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Petitioner was indicted in the August 2003 term of the Spartanburg County Court of General Sessions for two (2) counts of possession of a stole vehicle [Indictment Nos. 02-GS-42-3925 & 03-GS-42-2981]. (R.pp. 110-113). He subsequently waived presentment on four counts of forgery [04-GS-42-2058,-1986,-1987 & -1989] and two counts of burglary in the first degree [04-GS-42-1988 & 1985], as well as single counts of petit larceny [04-GS-42-1994]; breaking into a motor vehicle [04-GS-42-1993]; grand larceny [04-GS-42-1992]; burglary in the second degree [04-GS-42-1991]; and burglary in the third degree [04-GS-42-1990]. (R.pp. 3-5, 88-109). Petitioner was represented by Jimmy Hatcher, Esquire. On May 19, 2004, Petitioner pled guilty to all thirteen charges and was sentenced to forty (40) years, concurrent, for both counts of burglary in the first degree [42-1988 & 42-1985]; to fifteen (15) years for burglary in the second degree [42-1991], consecutive to the sentences for 42-1988 and 42-1985, but suspended upon the service of five (5) years probation, and concurrent to sentences for 42-1990, -1992, -1993, -1994, -1986, -1987, -1989, -2058, -2981, and -3925; to five (5) years for forgery [42-2058], suspended upon the service of five (5) years probation, and subject to the other conditions of [42-1991]; to thirty (30) days, suspended upon time served and five (5) years probation for petit larceny [42-1994], concurrent to [42-1988 & 42-1985]; to ten (10) years, suspended upon time served with five (5) years probation for grand larceny [42-1992], the same conditions of [42-1991]; to ten (10) years, suspended on time served and five (5) years probation for burglary in the third degree [42-1990]; to five (5) years, suspended upon time served and five (5) years probation, and the same conditions of [42-1991] for breaking into a motor vehicle [42-1993]; to five (5) years, suspended upon time served and five (5) years probation, and the same conditions of [42-1991] for possession of a stolen vehicle [42-2981]; to five (5) years,

2



suspended upon time served and five (5) years probation, and the same conditions of [42-1991] for possession of a stolen vehicle [42-3925]; to five (5) years, suspended upon time served and five (5) years probation, and the same conditions of [42-1991] for forgery [42-1986]; to five (5) years, suspended upon time served and five (5) years probation, and the same conditions of [42-1991] for forgery [42-1987], and to five (5) years, suspended upon time served and five (5) years probation, and the same conditions of [42-1991] for forgery [42-1989].[3] (R.pp. 28-30).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Robert Dudek, Assistant Appellate Defender with the South Carolina Office of Appellate Defense, who filed an Anders[4] brief requesting to be relieved and raising the following issue:

> Whether appellant's guilty plea should be vacated because it did not comply with the mandates of Boykin v. Alabama, 395 U.S. 238 (1969), since the judge did not inform appellant he was waiving his privilege against compulsory self-incrimination?

See Respondent's Exhibit Two, p. 3.

Respondent represents that the record of Petitioner's direct appeal does not indicate that he filed a *pro se* brief. On December 21, 2005, the South Carolina Court of Appeals affirmed Petitioner's convictions and granted counsel's request to be relieved. See State v. Tucker, 2005-UP-647 (S.C.Ct.App. Dec. 21, 2005). See Respondent's Exhibit Three. Petitioner thereafter filed a *pro se* Petition for Rehearing, which the South Carolina Court of Appeals denied on February 16, 2006. See Respondent's Exhibits Four and Five. The Remittitur was sent down on March 28, 2006. See Respondent's Exhibit Six.

Petitioner then filed an Application for Post-Conviction Relief ("APCR") in state

---

[3]The plea transcript refers to an indictment ending 1998. This notation is apparently a scrivener's error, and should be 1989. (R.pp.30, 96-97).

[4]Anders v. California, 386 U.S. 738, 744 (1967).



circuit court on March 30, 2006; <u>Tucker v. State of South Carolina</u>, 06-CP-42-1072 (R.pp. 32-38); in which he raised the following issue:

> Ineffective Assistance of Counsel due to lack of investigation and request for Brady materials, failure to request expert witnesses, and failure to present alibi witnesses on the Petitioner's behalf.

(R.p. 34).

An evidentiary hearing was held on December 6, 2006 at which Petitioner was present and represented by his counsel, Kenneth P. Shabel, Esquire. (R.pp. 45-78). The PCR Judge entered a written order denying the petition in its entirety on July 30, 2007. (R.pp. 79-86).

Petitioner then filed a petition for writ of certiorari in the South Carolina Supreme. Petitioner was represented by Lanelle C. Durant, Appellate Defender with the South Carolina Office of Appellate Defense, who raised the following issue:

> Did the PCR court err in failing to find counsel ineffective for not fully investigating Petitioner's case?

<u>See</u> Respondent's Exhibit Seven, p. 2.

The South Carolina Supreme Court denied the petition on October 23, 2008. <u>See</u> Respondent's Exhibit Nine. The Remittitur was sent down on November 10, 2008. <u>See</u> Respondent's Exhibit Ten.

Petitioner then filed this federal habeas corpus petition in the United States District Court pursuant to 28 U.S.C. § 2254. Petitioner raises the following issue in his petition:

**Ground One:** Ineffective Assistance of Counsel. Not fully investigating petitioner's case: If attorney would have subpoena medical records & 911 dispatch to 443 Farley Ave, on the date of 7/14/03 the same date as a 1st burglary was committed and not investigating notarized statement from co-defendant stating he lied on me about the burglaries.

4



See Petition, p. 6.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Petitioner contends that his counsel was ineffective because he didn't properly investigate his case. Petitioner argues that his counsel should have subpoenaed medical records and a 911 dispatch, and investigated a notarized statement from his co-defendant stating he lied about the Petitioner concerning the burglaries. These issues were all raised at Petitioner's PCR hearing, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). Following this hearing, the PCR Court made relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Tucker v. State of South Carolina, No. 06-CP-42-2073.

The PCR judge found that trial counsel's testimony was credible, as follows:

(a) he explained to his client that the State would seek life without parole if he



proceeded to trial;

(b) he believed that Petitioner understood these discussions;

(c) although Petitioner did waiver some of in those discussions on the decision to plead guilty, at the end of each discussion, he told trial counsel that he wanted to plead guilty because of his young children and mother;

(d) he made a <u>Brady</u> request and received discovery from the State;

(e) the State had the statement of Petitioner's co-defendant, implicating the Petitioner in each charge;

(f) the co-defendant drove with law enforcement and pointed out the houses that they had burglarized;

(g) items recovered from those houses corroborated the co-defendant's story;

(h) the co-defendant planned to testify against the Petitioner if the Petitioner proceeded to trial;

(i) he discussed an alibi defense with Petitioner with regard to the hospital visit;

(j) he did not consider the medical records or 911 tape to be useful in the Petitioner's defense;

(k) based on Petitioner's recollection, he still could have been involved in the burglary;

(l) he took the letters written by the Petitioner and his co-defendant into consideration;

(m) he did not think they would be useful in Petitioner's defense at trial;

(n) he could not verify that they were actually written by the co-defendant;

(o) they were notarized by the same person on the same day;

(p) this made their authenticity more suspicious because the Petitioner and his co-defendant were housed in different cell blocks;

(q) he filed an appeal but did not know of any grounds that would have been successful on appeal;

6



(r) his appeal was based mainly on the heavy sentence given to the Petitioner; and

(s) Petitioner was not threatened or coerced and that it was Petitioner's final decision to pled guilty.

(R.pp. 82-83, 85).

The PCR judge also found that: (1) Petitioner's testimony was not credible; (2) Petitioner voluntarily and intelligently entered his guilty plea; and (3) Petitioner failed to carry his burden. (R.p. 85).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001). However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).

Nevertheless, since Petitioner's ineffective assistance of counsel claim was

7



adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). See Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Petitioner has failed to meet his burden of showing that trial counsel was ineffective

8



under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Petitioner testified at his PCR hearing that counsel should have subpoenaed 911 and medical records that would have shown him receiving treatment at a hospital for two broken fingers on the date of one of the burglaries. (R.pp. 50-51). Petitioner also testified that he showed his counsel a statement from one of his co-defendants in which that co-defendant allegedly said that he lied about Petitioner committing the burglaries, but that his counsel failed to pursue any defense based on this statement. (R.pp. 54-56). However, Petitioner's counsel testified that the State's evidence against the Petitioner included co-defendants' statements who were cooperating, the Petitioner's own statement, and corroborating evidence of things that had been stolen from the houses that were recovered from various pawnshops and the Petitioner's own residence. (R.p. 66). Counsel testified that he was able to determine from what Petitioner told him that Petitioner had not been admitted to the hospital for any long period of time and, therefore, Petitioner's medical records or the 911 tape would not be helpful in Petitioner's trial because it did not provide any sort of alibi in terms of actual time and place where the crime occurred. (R.pp. 67-68). Counsel also testified that he had seen the statement allegedly from one of Petitioner's co-defendants where that co-defendant stated that he had lied about Petitioner committing the burglaries. Counsel testified that the statements were notarized by the same person on the same day despite Petitioner being locked down in pod five in solitary and the co-defendant in some other pod, and that the statement did not have "the ring of authenticity about it." (R.p. 68).

The PCR judge found trial counsel's testimony credible while finding that Petitioner's testimony was not credible [R.p. 85], and there is no basis in the record or the applicable caselaw to

9



overturn the findings of the state court with regard to this issue. Evans, 220 F.3d at 312. The record reflects that Petitioner acknowledged at his plea that he had committed the burglaries he was charged with. (R.pp. 14-16). Petitioner also affirmed to the judge at his guilty plea that he understood the charges and possible sentences, and testified that he wanted to plead guilty, that it was his decision, and that he was pleading guilty freely and voluntarily. (R.pp. 11-16). Petitioner also testified that he was satisfied with the work of his counsel and that no one had made any promises or threatened him in order to get him to plead guilty. (R.pp. 12-13). Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir. 1981).

Further, the United States Supreme Court has ruled that "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Here, the Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Petitioner has also provided no evidence to show ineffective assistance of counsel in his case. See discussion, supra. Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application



of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is without merit and should be dismissed.

**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that this Petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

October 7, 2009

Charleston, South Carolina



11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>P.O. Box 835
>Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

