IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Stanford Byron Tucker, #194427, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 9:09-151-HMH-BM |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Michael McCall; S.C. Attorney General Office[1], | ) ) ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[2] Stanford Byron Tucker ("Tucker") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Magistrate Judge Marchant recommends granting Respondents' motion for summary judgment. Tucker

---

[1] The original caption of the § 2254 petition correctly lists Warden Michael McCall and S.C. Attorney General Office as Respondents. The South Carolina Attorney General's office filed a motion for summary judgment. It appears that a scrivener's error occurred in the caption of the motion for summary judgment with the incorrect warden being listed as Robert Stevenson. This same scrivener's error was repeated in some of the subsequently filed documents. However, it is undisputed that the correct Respondents are those listed in the original petition.

[2] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

filed objections to the Report and Recommendation. For the reasons stated below, the court grants Respondents' motion for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tucker is currently incarcerated at Perry Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. On May 19, 2004, Tucker pled guilty to four counts of forgery, two counts of burglary in the first degree, and single counts of petit larceny, breaking into a motor vehicle, grand larceny, burglary in the second degree, and burglary in the third degree. (Resp't Mem. Supp. Summ. J. Exs. (App. 14-16).) Tucker was sentenced to consecutive sentences as follows: five years' imprisonment for forgery, suspended upon serving five years' probation; five years' probation for petit larceny, breaking into a motor vehicle, possession of a stolen motor vehicle, and forgery; ten years' imprisonment, suspended upon time served with five years' probation for grand larceny and burglary in the third degree; forty years' imprisonment for both counts of burglary in the first degree; and fifteen years' imprisonment for burglary in the second degree suspended upon the service of five years' probation. (Id. Exs. (App. 28-30).) Tucker was represented at trial and sentencing by Jimmy Hatcher.

Tucker filed a timely appeal. Tucker was represented on appeal by Robert Dudek who filed an Anders brief requesting to be relieved as counsel and raising one issue: "whether [Tucker's] guilty plea should be vacated because it did not comply with the mandates of Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969), since the judge did not inform appellant he was waiving his privilege against compulsory self-incrimination." (Id. Attach. 2 (Anders Brief).) The South Carolina Court of Appeals dismissed Tucker's appeal on December 21, 2005. (Id. Attach. 3 (Dec. 21, 2005 Opinion).)

Subsequently, Tucker filed a pro se application for post-conviction relief ("PCR") on March 30, 2006, alleging ineffective assistance of counsel. (Id. Exs. (App. 34).) An evidentiary hearing was held on December 6, 2006, at which Tucker was represented by Kenneth P. Shabel. On July 30, 2007, the PCR court entered an order of dismissal with prejudice. (Resp't Mem. Supp. Summ. J. Exs. (Order of Dismissal, App. 80-85).)

On June 18, 2008, Tucker filed a petition for writ of certiorari raising the following issue: "Did the PCR court err in failing to find counsel ineffective for not fully investigating petitioner's case?" (Id. Attach. 7 (Pet. for Writ of Cert. at 2).) On October 23, 2008, the South Carolina Supreme Court denied the petition for writ of certiorari. (Id. Attach. 9 (Oct. 23, 2008 Order).)

Tucker filed the instant § 2254 petition on January 16, 2009,[3] raising one claim:

> Ineffective Assistance of counsel. Not fully investigating petitioner's case: If attorney would have subpoena medical records & 911 dispatch to 443 Farley Ave, on the date of 7/14/03 the same date as a 1st burglary was committed and not investigating notarized statement from co-defendant stating he lied on me about the burglaries.

(Tucker § 2254 Pet. 6.) Respondents filed a motion for summary judgment on March 31, 2009. Tucker filed a memorandum in opposition to Respondents' motion for summary judgment on April 23, 2009.[4] Magistrate Judge Marchant recommends granting Respondents' motion for summary judgment. Tucker filed objections on November 10, 2009.[5]

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

[4] Id.

[5] Id.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Tucker has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). "Thus, to grant [Tucker's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of *specific* objections to the Report and

Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Tucker filed objections to the Report and Recommendation. After review, however, the court finds that many of Tucker's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report, or merely restate his claims. However, Tucker raises two specific objections: (1) the magistrate judge's recommendation to grant Respondents' motion is incorrect because the PCR judge committed error in finding that trial counsel was not constitutionally ineffective and (2) he would not have pled guilty were it not for trial counsel's advice. (Objections, generally.)

According to Tucker, "the PCR judge erred [in finding] that the counsel's testimony [at the PCR evidentiary hearing] was credible." (Id. at 3.) Additionally, Tucker argues that the evidence presented at the PCR hearing proves that counsel failed to properly investigate Tucker's alibi and "relied on his own interpretation of the notarized letters from the co-defendant as not being reliable." (Id. at 2-3.)

> At the PCR hearing, Tucker testified that trial counsel was ineffective for
>
> failing to subpoena his medical records and 911 tape. [Tucker] stated that he was admitted and treated after a fight with his brother. He testified that this occurred on the same day as one of the Burglary, 1st Degree charges. [Tucker] also testified that trial counsel failed to adequately consider letters written back and forth from his co-defendant while in pre-trial detention at the Spartanburg County jail. One letter, allegedly from [Tucker], asks why he told law enforcement that [Tucker] went into the house with the co-defendant. The second letter, allegedly written from the co-defendant to [Tucker], states that what he told law enforcement was a lie and he will correct it. [Tucker] testified that these letters could have been used at trial in his defense.

(Resp't Mem. Supp. Summ. J. Exs. (Order of Dismissal, App. 81-82).) Trial counsel testified that after he discussed Tucker's alleged alibi he did not consider the medical records or the 911 tape to be useful in Tucker's defense. (Id. at 82-83.) Additionally, with regard to the notarized letters, counsel explained that the letters allegedly written by Tucker and his co-defendant were not helpful because he "could not verify that they were actually written by the co-defendant" and the authenticity of the letters was questionable because the letters were notarized by the same person on the same day. Additionally, counsel explained that Tucker decided to plead guilty "because of his young children and mother." (Id. at 82.)

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Tucker must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Tucker must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Tucker has failed to demonstrate that his counsel's actions fell below an objective standard of reasonableness. The PCR court found trial counsel's testimony to be credible and Tucker's to lack credibility. "Credibility determinations, such as those the state PCR court made regarding [Tucker and his counsel], are factual determinations." Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003). "As such, they are presumed to be correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits and based on a factual

7

determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding." Id. (internal quotation marks omitted). At the PCR hearing, Tucker's trial counsel offered several reasons why the letters and Tucker's alibi were unreliable. In addition, counsel testified that Tucker's "co-defendant drove with law enforcement and pointed out the houses that they had burglarized. Items recovered from those houses corroborated the co-defendant's story [and the] co-defendant planned to testify if [Tucker] proceeded to trial." (Resp't Mem. Supp. Summ. J. Exs. (Order of Dismissal, App. 82).)

Moreover, during his plea hearing, the court asked Tucker whether the charges against him, as read by the Solicitor, were correct. Tucker responded, "Yes, sir." (Id. at Exs. (App. 11).) When asked whether he was "satisfied with the work of [his] lawyer," Tucker answered, "Yes, sir." Tucker also stated that no one threatened or promised him anything in order to plead guilty and that his plea was freely and voluntarily given. (Id. at 13.) The court further instructed Tucker that "the law presumed that [he is] innocent of the[] charges, and [he] has a right to have a jury trial on any or all of these charges" to which Tucker stated that he understood. (Id.) Tucker subsequently stated that he was guilty of each charge of the indictment and that all of his answers were truthful and honest.

Accordingly, Tucker has failed to show that counsel was constitutionally ineffective or that he was prejudiced by counsel's alleged improper investigation. Further, the PCR court's determination was not contrary to clearly established federal law. Based on the foregoing, this claim fails.

Next, Tucker alleges that "he would not have pled to the charges but for counsel's advice" and he "would not have pled guilty and would have insisted on going [to] trial."

(Objections 3-4.) To the extent that Tucker attempts to assert an involuntary guilty plea claim, the court finds that this ground is procedurally defaulted. Tucker did not raise involuntary guilty plea grounds in his state PCR application. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Procedural default may be excused only if Tucker "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "[T]he existence of cause for a procedural default . . . turn[s] on whether . . . [Tucker] can show that some objective factor external to the defense impeded . . . [his] efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999). Tucker has not provided the court with any evidence to establish cause for default or prejudice. Accordingly, Tucker has "not established cause for the default or that a fundamental miscarriage of justice would result by our failure to consider his claim." Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

Therefore, after a thorough review of the record and the magistrate judge's Report and Recommendation, the court adopts the Report and Recommendation.

Therefore, it is

**ORDERED** that Respondents' motion for summary judgment, docket number 10, is granted, and Tucker's § 2254 petition, docket number 1, is dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
November 23, 2009

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.